UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OKECHUKWU UDUKO, | Case No. 11-13765 |
| Plaintiff, | Victoria A. Roberts |
| v. | United States District Judge |
| STEPHEN E. COZZENS, *et al.*, | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

### REPORT AND RECOMMENDATION
### MOTION TO DISMISS BASED ON "THREE STRIKES" (Dkt. 31)

**I.     PROCEDURAL HISTORY**

Plaintiff, a prisoner in the custody of the Federal Bureau of Prisons, filed this civil rights action on August 29, 2011.  (Dkt. 1).  Plaintiff applied for, and was granted, permission to proceed *in forma pauperis*.  (Dkt. 2, 5).  Service by the Marshal was also ordered based on plaintiff's IFP status.  (Dkt. 6).  This matter was referred to the undersigned for all pretrial proceedings by District Judge Victoria A. Roberts.  (Dkt. 7).

In December 2011, defendants filed a "Notice of Waiver of Reply and Reservation of Affirmative Defenses" in lieu of filing an answer to the complaint or a motion to dismiss, pursuant to 42 U.S.C. § 1997e(g).  (Dkt. 14).  Defendants asked the Court to review this action under 28 U.S.C. § 1915, suggesting that

plaintiff should not be permitted to proceed *in forma pauperis* because he has "three strikes." Defendants pointed out that, although the Court has generally granted plaintiff *in forma pauperis*, it was unclear whether the Court reviewed plaintiff's extensive litigation history. Defendants contended that plaintiff misrepresented his litigation history to the Court in his complaint by stating that he had not filed any other lawsuits in state or federal court relating to his imprisonment. Defendants provided a list of cases that plaintiff previously filed (Dkt. 14-2), but did not provide any analysis of whether and to what extent any of those cases (as filed in the District Court or any appeal that may have been taken) could properly be deemed "strikes" under the three strikes rule. Given that it is not always crystal clear whether a particular case may be deemed a "strike," the Court asked for the parties' insight on whether any of the cases identified by defendants on their list constitute strikes.

In response to the Court's Order, defendants filed a motion requesting that plaintiff's IFP status be revoked, that plaintiff be enjoined from filing any future civil actions *in forma pauperis*, unless under imminent danger of serious physical injury, and that plaintiff's complaint be dismissed in accordance with the requirements of the PLRA. (Dkt. 31). Plaintiff contends that his complaint cannot be dismissed under the "three strikes" provision because he has already paid the filing fee in full and because his prior civil cases do not count as strikes given that

they did not involve prison conditions.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion be **DENIED** in its entirety.

## II.  ANALYSIS AND CONCLUSIONS

### A.  Three Strikes

Defendants contend that, regardless of whether plaintiff has now paid the filing fee in full, his complaint should still be dismissed under the three strikes provisions of the PLRA. According to defendants, the PLRA does not limit "strikes" to litigation regarding conditions of confinement. The undersigned agrees. *See e.g.*, *Woodruff v. Wyoming*, 49 Fed.Appx. 199 (10th Cir. 2002) (Section 1915 is not limited to litigation involving prison conditions);*U.S. v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000) (same); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998) (Section 1915 "is not limited to challenges to conditions of confinement."). Notably, the burden is not on plaintiff to establish an absence of three strikes. *Thompson v. DEA*, 492 F.3d 428, 435 (D.C. Cir. 2007). Rather, evidence showing the grounds for prior dismissals must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself. *Id*. at 435-436. Once such evidence has been produced, "the ultimate burden of persuasion shifts back to the prisoner to explain why the past dismissals should not count as strikes." *Id*. at 436.

Defendants point to several cases that they contend should be considered strikes against plaintiff:

1. *Uduko v. Walsh*, Case No. 94-06074 (D. N.J.). This matter was dismissed as to all defendants because plaintiff's complaint was deemed frivolous. (Dkt. 31-19, Pg ID 658). In this case, plaintiff sued the Clerk of the Court for the District of New Jersey, a deputy clerk, and a court reporter based on their alleged denial of his request to be informed of the copying costs of his criminal trial transcripts.

2. *Uduko v. Walsh*, Case No. 95-5112 (3d Cir.). This appeal was dismissed as "lacking in factual or legal merit under 28 U.S.C. [§] 1915(d)." (Dkt. 31-16, Pg ID 651; *see also* 31-12, Pg ID 642).

3. *Uduko v. United States*, Case No. 93-03492 (E.D.N.Y.). On March 29, 1995, plaintiff's complaint for the return of property after a successful forfeiture proceeding initiated by U.S. Customs was dismissed for lack of subject matter jurisdiction. (Dkt. 31-19).

4. *Uduko v. United States*, Case No. 95-2233 (2d Cir.). Plaintiff's appeal seeking the return of property was found to be without merit and the lower court was affirmed. (Dkt. 31-17, Pg ID 693).

5. *Uduko v. John Hemingway*, Case No. 01-72453 (E.D. Mich.). According to defendants, plaintiff's filing of a motion for

reconsideration of the denial of a previous motion for reconsideration should be considered a strike. Plaintiff's filing for re-reconsideration arose from his conviction and sentencing order, which he received from the District Court for the District of Maryland and which he later attempted to challenge before the District Court in the Eastern District of Michigan. In October 2001, the Michigan District Court issued an opinion and order advising plaintiff that unlike habeas corpus proceedings, which were normally submitted to the federal district court in the district where the prisoner was incarcerated, a motion under 28 U.S.C. § 2255 was to be presented for adjudication to the judge who presided at the petitioner's original conviction and sentencing. As such, the Court ordered the case transferred to the District Court for the District of Maryland. The Maryland District Court entered an order dismissing Uduko's § 2255 motion to vacate. Uduko then filed a motion to reopen the case in the District Court for the Eastern District of Michigan and in February 2005, the Court denied plaintiff's motion, holding that although petitioner had labeled his motion a "motion to reopen case," what petitioner sought was reconsideration and reversal of the Court's initial October 2001 opinion and order transferring the case to Maryland. The Court

dismissed plaintiff's filing, finding it baseless and lacking to satisfy the temporal or substantive requirements for such motions. In March 2005, plaintiff filed another motion with the Michigan District Court, once again asking for reconsideration. The Court again denied this motion, explicitly stating no such grounds existed for petitioner's motion. (Dkt. 31-21).

6.  *Uduko v. U.S. Dep't of Trans.*, Case No. 95-00181 (D. D.C.). Plaintiff filed a freedom of information act lawsuit, which defendants moved to dismiss on the basis that plaintiff had received the requested information. Plaintiff then moved to dismiss his own lawsuit, which motion was granted by the court. (Dkt. 31-22).

Cases 1 and 2 identified above are clearly strikes, given that they were dismissed as frivolous. Cases 3 and 4 are less clear. Defendants contend that the dismissals for lack of subject matter jurisdiction should count as strikes, citing *Cohen v. Corrections Corporation of America*, 439 Fed.Appx. 489, 492; 2011 WL 4469587 (6th Cir. 2011) ("While in the ordinary case, a dismissal for a lack of jurisdiction is not a strike, [] a per se rule is not appropriate because a prisoner's invocation of federal jurisdiction in and of itself may be frivolous where there is 'no possible ground upon which a reasoned argument can be made to sustain [] jurisdiction.'"). In Case No. 93-3492, plaintiff filed a complaint against the

United States of America contesting a forfeiture action involving the US Customs Service. (Dkt. 31-20). After the lawsuit was served, Customs decided to reopen the administrative proceeding. Despite receiving notice of the reopened case, plaintiff did not file a new claim with Customs and made it clear that he wished to have the matter handled in federal court. Customs filed a motion to dismiss based on lack of subject matter jurisdiction, given that the matter was pending administratively. The court ultimately determined that it had no subject matter jurisdiction because of the reopened administrative proceeding and also determined that plaintiff's objections to the forfeiture were without merit. Specifically, the court concluded that (1) plaintiff's argument – that the seized property was unjustly used at his criminal trial to secure a conviction – had no relevance to the forfeiture proceeding; (2) plaintiff failed to file a claim in the re-opened administrative proceedings subjected the currency to forfeiture; (3) the principle that property should be returned once the government no longer has use for it in a criminal trial did not apply because the currency was seized not just for plaintiff's criminal trial, but also pursuant to a separate and distinct civil proceeding, which is entirely independent of any criminal prosecution; and (4) the search and seizure was not unlawful because it occurred at an airport, the functional equivalent of a border, where less than probable cause is required to search baggage or a person. (Dkt. 31-20, Pg ID 664-665). Defendants appear

only to argue that the lack of subject matter jurisdiction is what renders this matter "frivolous." While they mention that plaintiff's lawsuit was found "meritless," they do not address whether or how that translates into frivolousness.[1] In the view of the undersigned, this lawsuit was not frivolous as defendants contend because the court had subject matter jurisdiction when it was filed. Thus, it would not seem to fall into the exception to the general rule that dismissal for lack of subject matter jurisdiction is not a strike, cited in *Cohen*. For this reason, the appeal does not appear to be a strike either.

As to Case 5, defendants seem to be arguing that the motion for reconsideration in this habeas case should be considered a "frivolous motion" or "appeal in operation" and therefore, a strike. Defendants fail to explain or cite any supporting authority suggesting that a motion, regardless of its merit, filed in a § 2255 case can be considered a strike. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997) (Dismissals of petitions for writ habeas corpus are not counted for purposes of the "three strikes" rule.); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("Habeas corpus and 28 U.S.C. § 2255 proceedings are not civil actions under 28 U.S.C. § 1915. Hence, the dismissal of a habeas corpus or § 2255 petition does not count as a strike for

---

[1] Defendants do not seem to suggest that this case was dismissed for failure to state a claim on which relief can be granted.

purposes of limiting in forma pauperis status under § 1915(g)."); *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) ("[i]f a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the PLRA applies."). There is also no suggestion by defendants that plaintiff's § 2255 petition was a civil rights case in disguise. Thus, defendants have not met their burden of establishing that this case is a strike.

Finally, the undersigned is not persuaded that Case 6 should be deemed a strike. While the court granted both parties' motions to dismiss on the grounds that the documents requested under FOIA had been supplied to plaintiff, it is not clear *when* those documents were provided - before or after the lawsuit was filed. (Dkt. 31-22). Obviously, the timing that such information was provided to plaintiff is critical to determining whether plaintiff's FOIA claim had any merit at the time it was filed. Thus, the undersigned cannot conclude whether the suit was frivolous or failed to state a claim at the time it was filed.[2]

---

[2] Although they do not fully develop the argument, defendants also suggest that plaintiff's complaint should be dismissed because he did not honestly and accurately represent his prior litigation history in the complaint. There is a long line of cases holding that if a plaintiff makes false statements to the court in the application to proceed *in forma pauperis* or falsely denies the existence of prior civil actions, such a case can be dismissed as malicious. *Lee v. Toney*, 2011 WL 4026645 (S.D. Ala. 2011), citing *Freeman v. Voorheis*, 2011 WL 826802, at *3 (S.D. Ohio 2011) (finding that the "[p]laintiff's false statements in his applications to proceed *in forma pauperis* provide an additional basis for dismissal of this litigation as 'malicious' under 28 U.S.C. § 1915(e)(2)(B)(i)"); *Horton v. Thomas*, 1996 WL 68013, at *2 (N.D. Ill. 1996) (the court opined, in dismissing the inmate's action as malicious for his denial of prior actions and attempt to re-litigate prior claims, that "[a]n indigent who boldly lies to a judge to gain entry to the courts cannot expect to reap the advantages of cost-free filing no matter what the merits of his suit");

Based on the foregoing, plaintiff has only two strikes. The undersigned, therefore, concludes that his *in forma pauperis* status should not be revoked.

B.      Frivolousness of Complaint

Defendants invite the Court to conduct a review of plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as being frivolous. Defendants argue, in a conclusory fashion, that plaintiff's complaint is frivolous and fails to satisfy Rule 8(a)(2):

---

*Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the district court's counting as a strike an action where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit .... (and finding that [a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)"), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *see also Blacker v. Satterthwaite*, 2011 WL 6338851 (S.D. Ohio 2011) (Plaintiff required to identify full litigation history in any complaint or appeal and the failure to do so would likely result in dismissal and further sanctions), citing *Walton v. Fairman*, 1993 WL 96427 at *4 (N.D. Ill. 1993) (dismissing plaintiff for attempting to deceive the court regarding prior litigation history).

   Notably, however, as plaintiff points out, the form complaint issued by the Eastern District of Michigan does not require a plaintiff to identify *all* prior civil litigation. Rather, it only requires a plaintiff to identify lawsuits "relating to [his] imprisonment." (Dkt. 1, Pg ID 2). The form first asks a plaintiff whether he has "filed any other lawsuits in state or federal court relating to [his] imprisonment." *Only* if the answer to this question is "yes," is the prisoner required to "list all prior civil actions or appeals that [he] has filed in federal court while you have been incarcerated." If the answer is "no" as was the case here, the plaintiff is directed to "proceed to part II," thus telling the plaintiff to skip the "listing" of prior federal lawsuits. There is little doubt that none of plaintiff's prior civil lawsuits were "related to [his] imprisonment." Thus, plaintiff's interpretation of the form is reasonable and does not constitute an attempt to deceive the Court. While the PLRA's "three strikes" provision applies to all civil lawsuits and appeals, not just those involving conditions of confinement, *see e.g.*, *U.S. v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000); *Woodruff v. Wyoming*, 49 Fed.Appx. 199 (10th Cir. 2002); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 612 (8th Cir. 1998), the Eastern District of Michigan form does not appear to request the disclosure of all civil lawsuits and appeals, only those "relating to" a plaintiff's "imprisonment."

> Plaintiff's complaint fails to comply with the basic pleading requirements in almost every aspect and is factually frivolous in its entirety. The complaint can best be characterized as a paranoid, delusional, and fanciful narrative of rambling and conclusory allegations. Specifically, plaintiff accuses twenty defendants of conspiring against him throughout several different dates, times, and locations, (see Complaint p. 65) and to the extent any of plaintiff's confused, rambling, conclusory, and incoherent narrative can be understood, the complaint should be dismissed for being factually frivolous. The complaint fails to provide Defendants with any clear notice and understanding of the charges claimed against them. The documents filed by plaintiff are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, rambling narratives and personal frustrations. Importantly, it is plaintiff's obligation to provide the Court and the Defendants with notice of the claims being brought against the Defendants, and here, plaintiff's complaint leaves Defendants at a complete loss of knowing which allegations, if any, are being brought against whom. This type of complaint and frivolity is precisely what the PLRA is intended to curtail. As such, plaintiff's complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

(Dkt. 31, Pg ID 609-610). It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). And, the court is not obligated to make defendants' case for them or to

"wade through and search the entire record" for some specific facts that might support their motion. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Simply, defendants have not satisfied their burden of coming forward with an analysis of plaintiff's complaint on which the court could possibly recommend dismissal on the basis of frivolousness. Notably, while defendants claim that they cannot understand the nature of plaintiff's complaints, they did not appear to have any difficulty understanding and addressing plaintiff's complaints during the grievance process, as noted in the numerous grievance responses attached to the complaint. Absent a more specific and developed argument as to why plaintiff's complaint is so incomprehensible as to be frivolous, the undersigned finds no merit in defendants' argument.

    C.    <u>Failure to State a Claim/Sovereign Immunity</u>

Defendants also argue that plaintiff's complaint should be dismissed for failure to state a claim because a suit against the United States for money damages cannot proceed without a waiver of sovereign immunity and plaintiff fails to identify what legal claims he seeks to advance, against whom and under which, if any, waiver of sovereign immunity. According to defendants, plaintiff's complaint "exclusively refers to Defendants in their official capacities" so his claims against any individuals are in effect against the sovereign and should be dismissed. (Dkt. 31, Pg ID 611). Defendants are wrong.

In his complaint, plaintiff makes the following allegation regarding the capacity of defendants:

> 190. Plaintiff is suing defendant Cozzens, Curtis, Guidry, Toney, Smith, Guittierrez, Doty, Ellis, and Zych in both individual and official capacity. In official capacity for injunctive relief, only and for damages in their individual capacity. The rest of the defendants are sued in their individual capacity for damages.

(Dkt. 1-1, Pg ID 79). Defendants are correct insofar as the *Bivens*[3] doctrine does not permit an official capacity suit for money damages against a federal official. Such a suit is essentially a claim directly against the United States, which is entitled to absolute immunity. *Berger v. Pierce*, 933 F.3d 393, 396 (6th Cir. 1991); *Okoro v. Scibana*, 63 Fed.Appx. 182, 184 (6th Cir. 2003). However, *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, to the extent that such an official is only responsible for his or her own conduct. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009). Plaintiff's complaint makes it quite clear that he seeks money damages against defendants in their individual capacity. Defendants have not offered any explanation as to why plaintiff is not permitted to do so.

Plaintiff's complaint also makes it clear that, to the extent he has sued defendants in their official capacity, he seeks only injunctive relief. With respect

---

[3] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

to his request for injunctive relief, while such relief is not available through a *Bivens* action, it is directly available via federal statute granting a limited waiver of sovereign immunity:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

*Parker v. Hickey*, 2011 WL 839663 (E.D. Ky. 2011), quoting 5 U.S.C. § 702; *see also Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). Again, defendants have not explained why plaintiff is not entitled to seek injunctive relief against defendants in their official capacity. Thus, the undersigned sees no basis to conclude that plaintiff has failed to state a claim on which relief can be granted or that plaintiff's complaint is otherwise frivolous because of sovereign immunity.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion be **DENIED** in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 21, 2012                     s/Michael Hluchaniuk
                                             Michael Hluchaniuk
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on September 21, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Darlene M. Haas Awada and Catherine Lemery</u> , and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Okechukwu Uduko, ID# 04170-424, FEDERAL CORRECTIONAL INSTITUTION, Post Office Box 1000, Milan, MI 48160-1090</u>.

                                          <u>s/Tammy Hallwood</u>
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov