UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OKECHUKWU UDUKO,

        Plaintiff,        CASE NUMBER: 11-13765
v.        HONORABLE VICTORIA A. ROBERTS
        UNITED STATES DISTRICT COURT JUDGE
STEPHEN E. COZZENS, et al.,

        Defendants
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND OVERRULING DEFENDANTS' AND PLAINTIFF'S OBJECTIONS

**I. INTRODUCTION**

Okechukwu Uduko ("Uduko") filed this *pro se* prisoner complaint alleging civil rights violations against Defendants. Uduko alleges fourteen separate causes of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Religious Freedom Restoration Act of 1993 ("RFRA"), the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), as well as conspiracy under 42 U.S.C. §§ 1985(3) and 1986, based on a series of events from August 2008 through March 2010.

This case was referred to the Magistrate Judge for pretrial matters. Defendants Cozzens, Curtis, Aviles, Ellis, Brown, Cheatham, Toney, Duby, Dolber, Downing, Murdock, Bozeman, Gubbins, and Zych ("served Defendants") filed a motion to dismiss. (Dkt. 52). Defendants Rick Smith, Michelle Doty, and Phillip Guittierrez filed their motions to dismiss joining, in the served Defendants' motion and adopting their arguments. (Dkt. 59 and 71, respectively).

The Magistrate Judge filed a Report and Recommendation ("R&R") recommending that

1

Defendants' motions to dismiss be granted in part and denied in part. The Court **ADOPTS** the R&R.

## II. STATEMENT OF FACTS

The Magistrate Judge's R&R has a thorough and accurate account of the factual allegations in the Complaint. (*See* Dkt. 96).

## III. PROCEDURAL POSTURE

Uduko and Defendants each filed objections to the R&R. These objections are fully briefed.

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

The Magistrate Judge's R&R is dispositive. The Court conducts a *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(b). This Court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made. 28 U.S.C. § 636(b).

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss a plaintiff's complaint for failure to state a claim upon which relief may be granted. In order to survive a 12(b)(6) motion to dismiss, a plaintiff must satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2): requiring "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 336 U.S. 41 47 (1957)). While a complaint need not allege detailed factual allegations, a plaintiff is required to plead "more than labels and conclusions" and the facts must be sufficient enough to "raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555.

Uduko filed his Complaint *pro se*. A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The Court must assume the complaint's factual allegations to be true, but legal conclusions are to be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must allow the Court to make a plausible inference that the Defendants are liable for their conduct. *Id.*

## V. ANALYSIS

### A. Uduko's Conspiracy Claims

**1.) Count 1** (*Bivens* conspiracy)

The Magistrate Judge recommends that the *Bivens* conspiracy claim in Count 1 be dismissed. Uduko alleges that Cozzens, Curtis, and Magulick conspired to retaliate and discriminate against Uduko because he protested the cancellation of the Protestant retreat and filed a complaint against Cozzens. The retaliation is described as recruiting inmate co-conspirators to supply false allegations against Uduko which led to a false report and investigation. Uduko alleges he was sent to the Special Housing Unit ("SHU") as a result.

In their motion to dismiss, Defendants argue that Uduko's conspiracy allegations are too vague and conclusory to state a claim. The Magistrate Judge rejected this argument, finding that Uduko satisfied the pleading requirements and Defendants failed to explain why or how Uduko's allegations are conclusory.

Defendants first object to the Magistrate Judge's finding that Uduko satisfied the pleading requirements for a *Bivens* conspiracy. They argue that it is just as plausible—if not

more plausible—that inmates made false allegations against Uduko without any involvement of Cozzens, Curtis, or Magulick. Defendants contend that "where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678.

But, Uduko not only alleges the conspiratorial objective and the overt acts taken in furtherance of that objective; he also alleges circumstantial facts which support the inference of a plausible conspiracy. Uduko alleges that Magulick failed to give him an Administrative Detention Order which details why he was placed in administrative detention, and why he was cleared of all allegations against him after he was removed. Failure to provide an Administrative Detention Order (an alleged violation of Federal Bureau of Prisons ("FBOP") policy), coupled with the other allegations in Count 1, shows plausibility of a conspiracy sufficient to survive a motion to dismiss.

Defendants also argue Count 1 should be dismissed on statute of limitations grounds. The statute of limitations is an affirmative defense. Defendants did not raise this argument before the Magistrate Judge, either in their initial motions to dismiss or reply briefs. The Sixth Circuit holds that issues raised for the first time in objections to an R&R are deemed waived. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, ... it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Hence, Defendants' failure to raise their statute of limitations argument before the Magistrate Judge constitutes waiver.

The Court **ADOPTS** the R&R concerning Count 1.

**2.) Count 13** (*Bivens* conspiracy)

Uduko alleges that 19 Defendants conspired to retaliate and discriminate against him to deprive him of his constitutional rights because he filed complaints and grievances. He alleges their actions included restricting his "active" participation in religious acts of significance; removing and destroying 117 books from his locker; refusing to give him priority on the Unicor (prison employment) hiring list; writing several false incident reports; sanctioning his commissary; threatening to transfer him to the inside housing unit; removing personal items from his locker; falsifying visiting records; and, confiscating his "doo-rag."[1]

The Magistrate Judge found that Uduko failed to allege sufficient facts to allow the Court to infer the existence of a conspiracy, and recommends that Uduko's Count 13 conspiracy claim be dismissed.

In his first objection, Uduko argues that the Magistrate Judge incorrectly analyzed Count 13 and applied a heightened pleading requirement, improperly requiring him to prove his conspiracy at the pleading stage. The Court agrees with the Magistrate Judge's finding regarding this claim.

To state a claim for a *Bivens* conspiracy, Uduko must allege an agreement between two or more persons acting in concert to deprive a person of his constitutional rights, and an overt act done in furtherance of the conspiracy causing injury. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Uduko need not show an express agreement among all the conspirators. *Id.* Facts should include "which defendants conspired, how they conspired, and how the conspiracy led to

---

[1] Among African Americans, a "doo-rag" is a scarf or cloth, commonly polyester, worn on the head to protect a processed hairstyle; (more generally) any close-fitting cloth on the head. *Do-rag Definition*, OXFORD ENGLISH DICTIONARY ONLINE, http://www.oed.com/view/Entry/249907 (last visited Sept. 25, 2013).

a deprivation of constitutional rights[.]" *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997).

The Magistrate Judge found that Uduko failed to plead a conspiracy with sufficient specificity and that his vague and conclusory allegations unsupported by facts are insufficient to state a claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). He also found that Uduko only alleged a series of acts by different Defendants and asserted that these acts were part of a conspiracy. The Court agrees.

The Court **ADOPTS** the R&R concerning Uduko's *Bivens* conspiracy claim in Count 13.

**3.) Count 14** (§ 1985(3) conspiracy)

Uduko alleges that over a two-year period, 19 Defendants conspired to retaliate and discriminate against him because of his race, religion, and national origin. The Magistrate Judge found that Uduko failed to allege facts to support the existence of a "single plan," or that Defendants acted in concert to injure Uduko. In his objection, Uduko argues that he is only required to plead conspiracy, not prove it.

To state a claim for a § 1985(3) conspiracy, a plaintiff must show "(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an overt act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). The plaintiff must also show that the conspiracy was motivated by a class based animus. *Id.* The Court agrees with the Magistrate Judge that Uduko failed to allege sufficient facts to support the inference of a conspiracy among the 19 defendants.

The Court **ADOPTS** the R&R concerning Uduko's § 1985(3) conspiracy in Count 14.

**B. Uduko's Retaliation Claims**

In their motions to dismiss, Defendants labeled Counts 4, 6, 7, 9, 10, and 12 as retaliation claims and moved to dismiss all of them. The Magistrate Judge construed the Complaint to allege *Bivens* retaliation claims in Counts 1, 2, 4-9, 12, and 13, *Bivens* conspiracy claims in Counts 1 and 13, First Amendment/RFRA/RLUIPA claims in Counts 3, 10, and 11, discrimination claims in Counts 13 and 14, and a § 1985(3) conspiracy claim in Count 14. The Court does the same. Defendants object to the Magistrate Judge's recommendation that all of the retaliation claims survive the motions to dismiss.

Defendants make several arguments in their objections for the first time. Any arguments made for the first time in objections to an R&R are deemed waived. *See Murr v. United States*, 200 F.3d at 902 n. 1.

Accordingly, the following objections are waived: (1) Objection 2, to Count 2; (2) Objection 3, to Count 4; (3) Objection 4, to Count 5; (4) Objection 5, to Count 6; (5) Objection 6, to Count 7; (6) Objection 7, to Count 8; (7) Objection 8, to Count 9; (8) Objection 9, to Count 10; (9) Objection 10, to Count 12.

**1.) Count 1 and Count 13** (*Bivens* retaliation)

Defendants do not object to the recommendation that these claims survive the motions to dismiss.

The Court **ADOPTS** the R&R concerning Counts 1 and 13.

**2.) Count 2** (*Bivens* retaliation)

Uduko alleges that Cozzens, acting on behalf of Curtis, Guidry, Toney, Smith, Magulick, Guittierrez, Doty, and Zych, restricted his "active" participation in religious activities to deprive

him of his constitutional rights in retaliation for filing a complaint and grievance against Cozzens. The Magistrate Judge concluded that Defendants failed to analyze Uduko's specific retaliation claims or to articulate their deficiency. He also found that Defendants broadly argued—without sufficient factual analysis—that Uduko's retaliation claims are too vague and conclusory to state a claim. The Magistrate Judge reasoned that the Court is not obligated to make Defendants' arguments for them, and a skeletal and conclusory argument is insufficient to support such a motion. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court agrees.

      The Court **ADOPTS** the R&R concerning Count 2.

      **3.) Count 4** (*Bivens* retaliation)

Uduko alleges that Defendants confiscated his "doo-rag" and wrote a false incident report against him for engaging in the protected conduct of filing grievances. The Magistrate Judge found that Defendants broadly argued without sufficient factual analysis, that all of Uduko's retaliation claims are too vague and conclusory to state a claim. The Magistrate Judge reasoned that it is insufficient for a party to simply mention an argument without articulating specific facts in its support. *See McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641; *InterRoyal Corp.*, 889 F.2d at 111. The Court agrees.

      The Court **ADOPTS** the R&R concerning Count 4.

      **4.) Count 5** (*Bivens* retaliation)

Uduko alleges he engaged in the protected conduct of filing grievances against 19 defendants, that he was placed in the SHU, and that the filing of false incident reports leading to

administrative detention was motivated at least in part because he filed grievances. Again, the Magistrate Judge found that Defendants broadly argued that all of Uduko's retaliation claims were too vague and conclusory to state a claim, but without sufficient factual analysis. The Court agrees.

The Court **ADOPTS** the R&R concerning Count 5.

**5.) Count 6** (*Bivens* retaliation)

Uduko alleges Aviles and Brown retaliated against him for freely exercising his religion and access to the court (by filing grievances), by destroying 117 of his religious books while he was in the SHU, and placing him at the bottom of the Unicor (prison employment) hiring list. The Magistrate Judge found that Defendants did not support their conclusory argument to dismiss, and Defendants failed to satisfy their burden in a 12(b)(6) motion. *See McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641; *InterRoyal Corp.*, 889 F.2d at 111. The Court agrees.

The Court **ADOPTS** the R&R concerning Count 6.

**6.) Count 7** (*Bivens* retaliation)

Uduko alleges that Aviles, Brown, and Cheatham wrongfully denied him the opportunity to call witnesses, receive 24 hours notice of the charges against him, and other due process violations, and retaliated against him for engaging in the protected conduct of appealing the Unit Disciplinary Committee ("UDC") decision by removing him from the preferred housing unit to the inside yard unit. The Magistrate Judge found that Defendants failed to analyze the deficiencies in Uduko's retaliation claims with specificity, and that the Court need not find facts that might support their motion. *See McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641; *InterRoyal Corp.*, 889 F.2d at 111. The Court agrees.

In their sixth objection, Defendants argue that while Uduko is entitled to some due process in prisoner disciplinary hearings, the lesser penalties he sustained (loss of commissary and cell restrictions) do not entitle him to full due process guarantees. Defendants did not previously raise this argument, and thus they waive it. *See Murr*, 200 F.3d at 902 n. 1. Nevertheless, Defendants' argument fails on the merits. Uduko does not allege a due process violation; he alleges a retaliation claim.

The Court **ADOPTS** the R&R concerning Count 7.

**7.) Count 8** (*Bivens* retaliation claim)

Uduko alleges that 8 Defendants conspired to deny him a visit with one individual and falsified his visitor record in retaliation for filing grievances. Although Uduko mentions a conspiracy within his Count 8 allegations, this Court construes Count 8 to allege a *Bivens* retaliation claim. The Magistrate Judge found that Defendants failed to analyze the specific deficiencies in Uduko's retaliation claims. *See McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641; *InterRoyal Corp.*, 889 F.2d at 111. The Court agrees.

This Court **ADOPTS** the R&R concerning Count 8.

**8.) Count 9** (*Bivens* retaliation)

Uduko alleges Brown, Ellis, Toney, and Cozzens retaliated against him for the protected conduct of seeking access to the Court by filing grievances. He says they confiscated personal property from his locker. The Magistrate Judge found that Defendants broadly claimed Uduko's retaliation claims were argumentative and conclusory, without specific factual analysis. He reasoned that the Court is not obligated to make Defendants' case for them. *See McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641; *InterRoyal Corp.*, 889 F.2d at 111. The Court agrees.

In their eighth objection, Defendants argue that because property loss is not a constitutional claim, Uduko failed to adequately plead an access to the court violation. Defendants did not raise this claim in their initial motions to dismiss nor in their reply briefs. This argument is waived. *See Murr*, 200 F.3d at 902 n. 1. Nonetheless, this argument fails on the merits. Uduko does not allege an access to the Court violation; he makes a retaliation claim; he says the removal of personal property was motivated at least in part by his protected conduct of filing grievances.

The Court **ADOPTS** the R&R concerning Count 9.

### 9.) Count 12 (*Bivens* retaliation)

Uduko alleges that Cozzens, acting on behalf of 13 Defendants, retaliated against him for filing grievances by prohibiting him from prophesying ("speaking by divine inspiration"), and laying hands on and praying for anyone, including inmate Corey Schulz on January 2, 2010. The Magistrate Judge found that Defendants' generalized arguments failed to analyze any specific deficiencies in any specific claims, and that the Court need not make a party's case for them. *See McPherson*, 125 F.3d at 995-96; *Little*, 71 F.3d at 641; *InterRoyal Corp.*, 889 F.2d at 111. The Court agrees.

The Court **ADOPTS** the R&R concerning Count 12.

## C. Uduko's First Amendment/RFRA/RLUIPA Claims

### 1.) Count 10 (First Amendment/RFRA/RLUIPA)

Uduko alleges that Cozzens and Curtis violated his right to freely exercise his religion when they cancelled a Christmas Day Protestant worship service in 2009, without a compelling governmental interest. In their motions to dismiss, Defendants argued they are entitled to

qualified immunity on Uduko's claims concerning his removal as leader of the Protestant faith group. Defendants did not move to dismiss any of Uduko's First Amendment claims, and the Magistrate Judge did not address those claims except in the context of qualified immunity (discussed *infra*).

The Court will address Uduko's and Defendants' objections to the Magistrate Judge's R&R with respect to the First Amendment/RFRA/RLUIPA claims in Counts 3, 10, and 11 under the subheading **Qualified Immunity** (discussed *infra*).

### D. Uduko's Discrimination Claims

**1.) Count 13** (Discrimination)

Defendants do not object to the recommendation that this claim survives the motions to dismiss.

The Court **ADOPTS** the R&R concerning Count 13's discrimination claim.

**2.) Count 14** (Discrimination)

Defendants did not specifically address Uduko's Count 14 discrimination claim in either their initial motion or reply brief; Defendants simply moved to dismiss the individual conspiracy claims, retaliation claims, and the Complaint as a whole for failing to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2). The Magistrate Judge found that plaintiff's Complaint satisfied the pleading requirements of Fed. R. Civ. P. 8(a)(2).

In their eleventh objection, Defendants assume that since the conspiracy claim in Count 14 was dismissed in the R&R and Uduko only makes specific allegations of discrimination against Cozzens, that claim remains pending only against Cozzens. The Court agrees with Defendants. Defendants also argue that Uduko does not plead facts showing Cozzens' conduct

was motivated by a racial, religious, or class based animus and the claim should be dismissed.

To successfully make a claim under the Equal Protection Clause, the actor must have "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Admn'r of Massachusetts v. Feeney*, 442 U.S. 256 (1979). Although the use of a racial epithet alone is insufficient to show an Equal Protection violation, "'[t]he use of racially discriminatory language can provide some evidence of a discriminatory purpose when that language is coupled with some additional harassment or constitutional violation.'" *Taylor v. City of Falmouth*, 187 F. App'x. 596, 601 (6th Cir. July 10, 2006) (quotation omitted).

Uduko alleges sufficient factual allegations of harassment (threats restricting his "active" religious participation) to satisfy the additional conduct needed to properly plead an Equal Protection violation to survive a motion to dismiss.

The Court **ADOPTS** the R&R concerning Count 14's discrimination claim.

**E. Qualified Immunity** (Counts 3, 10, and 11)

In Counts 3, 10 and 11, Uduko alleges Defendants intentionally restricted his "active" participation in any Protestant service, Bible study group, or prayer meeting group; banned him from attending and participating in any and all religious services and programs held in the chapel area; cancelled a Christmas Day worship service for all Protestant inmates; and prohibited him from prophesying ("speaking by divine inspiration"); laying hands on and praying for anyone during Bible study group, prayer meeting group, and other services.

The Magistrate Judge concludes that Defendants are entitled to qualified immunity to the extent Uduko claims that Defendants violated his right to serve as inmate representative for the

Protestant faith group, because an inmate does not have a clearly established right to be the inmate leader of a particular religious group. *See Spratt v. Wall*, No. 06-2038, 2005 WL 348315, at *4 (D.R.I. Jan. 13, 2005); *Johnson-Bey v. Lane*, 863 F.2d 1308, 1310 (7th Cir. 1988); *Phelps v. Dunn*, 965 F.2d 93, 101 (6th Cir. 1992).

In his third objection to the R&R, Uduko cites three Sixth Circuit cases (*Shabazz v. Norris*, 934 F.2d 322 (6th Cir. 1991) (unpublished); *Phelps*, 965 F.2d 93; *Akridge v. Wiklinson*, 178 F. App'x. 474 (6th Cir. 2006)), none of which firmly establishes the right of an inmate to lead religious services. However, the Magistrate Judge correctly found that Uduko does not assert this right to lead the Protestant faith group as a First Amendment claim; Uduko's removal as inmate representative is alleged as a retaliatory action in his retaliation claims; Counts 3, 10, and 11 only outline other alleged restrictions on Uduko's religious activity. Uduko claims these restrictions substantially burdened his ability to perform religious acts of significance to his faith, requiring him to abandon precepts of his religion. The Court agrees.

Uduko has properly alleged a First Amendment/RFRA/RLUIPA claim in Counts 3, 10, and 11. *See Cutter v. Wilkinson*, 544 U.S. 709 (2005). Since Uduko does not allege any First Amendment claims specifically for his removal as the leader of the Protestant community, Defendants twelfth objection is overruled and they are not entitled to qualified immunity; since "[c]onduct that does not independently violate the Constitution can form the basis for a retaliation claim if...done with an improper retaliatory motive." *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005).

**F. Defendants' Objection #13**

Since the conspiracy claims are recommended for dismissal (except Count 1), Defendants

argue that the only thread between claims has been broken and each separate claim must be brought in separate lawsuits.

Under Fed. R. Civ. P. 20(a), a plaintiff may join multiple defendants in a civil action if the plaintiff asserts at least one claim against each defendant jointly, or severally, and those claims arise out of the same transaction or occurrence and involve the same questions of law or fact. In determining whether claims arise out of the same transaction, courts may consider the timing during which the allegations occurred, whether the acts are related to one another, whether the same supervisors were involved, or whether defendants were in the same geographical location. *Nali v. Michigan Dep't of Corrections*, No. 07-10831, 2007 WL 4465247, at *3 (E.D.Mich. Dec. 18, 2007) (citation omitted).

All of Uduko's claims allegedly developed after he complained against Cozzens, after Cozzens threatened to remove him from his leadership position of the Protestant faith group for protesting the cancellation of the retreat. All of Uduko's grievances and complaints in response to disciplinary action and allegedly false incident reports stem from the first alleged incident on August 5, 2008. All Defendants work at the same institution, and all of Uduko's claims involve the same series of facts. Uduko would be barred by the doctrine of *res judicata* if forced to file separate claims against the multiple Defendants, given the entangled nature of the facts.

Uduko satisfies Fed. R. Civ. P. 20(a) and 18(a) and may bring these claims together against Defendants.

## VI. CONCLUSION

The Magistrate Judge's R&R is **ADOPTED**. Defendants' objections are **OVERRULED**. Uduko's objections are **OVERRULED**.

15

The following claims are dismissed:

    1.) *Bivens* conspiracy claim in Count 13.

    2.) § 1985(3) conspiracy claim in Count 14.

The following claims will proceed to trial:

    1.) All retaliation claims (Counts 1, 2, 4-9, 12, and 13).

    2.) All First Amendment/RFRA/RLUIPA claims (Counts 3, 10, and 11).

    3.) *Bivens* conspiracy claim in Count 1.

    4.) Discrimination claims (Counts 13 and Count 14–against Cozzens only).

Defendants are not entitled to qualified immunity on Uduko's First Amendment/RFRA/RLUIPA claims or retaliation claims.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 27, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Okechukwu Uduko by electronic means or U.S. Mail on September 27, 2013.

S/Linda Vertriest
Deputy Clerk