UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Okechukwu Uduko,

        Plaintiff,               Case No: 11-13765
                                   Hon. Victoria A. Roberts

v.

Stephen E. Cozzens, et al,

        Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

Plaintiff Okechukwu Uduko ("Uduko") filed a *pro se* complaint alleging prison officers retaliated against him by restricting his participation in religious activities because he lodged complaints and filed grievances. The Court previously summarized the facts in *Uduko v. Cozzens*, 975 F. Supp. 2d 750 (E.D. Mich. 2013).  Sixteen individual defendants remain; they filed a Motion for Summary Judgment.  Dkt. 194. Uduko did not timely respond.  Dkt. 218.

The Motion is **GRANTED** in part and **DENIED** in part.

**II.    Legal Standard**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (discussing FED. R. CIV. P. 56(e)). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (1986). The nonmovant must sufficiently allege a fact that, if proven, would have the effect of "establishing or refuting" one of the "essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (citations omitted).

Although Uduko failed to respond to the Motion for Summary Judgment, he filed a verified complaint (Dkt. 1). The Court can treat his verified allegations with the same

2

force and effect as if he had filed an affidavit in response to the motion for summary

judgment. See, *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993);  *Luster v.*

*Macomb Cty. Sherrifs Jail*, No. 06-12273, 2006 WL 3086907, at *2, n.2 (E.D. Mich. Oct.

30, 2006).

**III.    Discussion**

    **A.    Failure to Exhaust**

        **1.    Failure to Exhaust: Count 1 (against Cozzens, Curtis and Magulick), Count 6 (against Aviles and Brown), and Count 9 (against Brown, Cozzens, Ellis and Toney)**

A prisoner must exhaust administrative remedies before filing a federal lawsuit.

*Smith v. Fed. Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002); PLRA, 42 U.S.C.

§1997e(a).  To properly exhaust, prisoners must complete the administrative review

process in accordance with deadlines and other applicable procedural rules.  *Jones v.*

*Bock*, 549 U.S. at 217-18.  A prisoner's failure to exhaust administrative remedies is an

affirmative defense which defendant has the burden to plead and prove.  *Jones v. Bock*,

549 U.S. 199, 216 (2007); *Colvin v. Pederson*, No. 2:13-219, 2014 WL 2616499, at *2

(W.D. Mich. June 12, 2014).

Defendants argue Count 1 (*Bivens* retaliation and conspiracy) against Cozzens,

Curtis, and Magulick; Count 6 (*Bivens* retaliation) against Aviles and Brown; and Count

9 (*Bivens* retaliation) against Brown, Cozzens, Ellis and Toney, should be dismissed in

full for failure to exhaust.  Defendants attach copies of relevant grievances which Uduko

previously identified.  Dkt. 169.

These Counts against these Defendants are dismissed for failure to exhaust.

3

The Bureau of Prisons ("BOP") has a four step administrative process for prisoner complaints: (1) informal resolution by which an inmate presents the issue of informally to staff which attempts to resolve it; (2) if the matter cannot be informally resolved, the inmate shall file a single complaint or a reasonable number of closely related issues on the appropriate form within twenty days of the incident; (3) if unsatisfied with the Warden's response, the inmate may submit an appeal to the Regional Director; and (4) the inmate can make a final appeal to General Counsel. 28 C.F.R. §542.13-15. There are some exceptions to whether an inmate is required to attempt informal resolution and it may be waived in individual cases. 28 C.F.R. §542.13(b). The exceptions do not apply here.

The Court agrees that Uduko failed to exhaust on these claims. The grievances identified by Uduko are unrelated to the allegations in these Counts. Counts 1, 6 and 9 are **DISMISSED**.

### 2.    Failure to Exhaust: Count 4 (against Cozzens and Ellis)

Count 4 is a *Bivens* retaliation claim against Cozzens and Ellis. Defendants say it should be dismissed, in part, because Uduko failed to exhaust his administrative remedies against Cozzens. Defendants do not raise failure to exhaust as an affirmative defense for Ellis.

The Court agrees the grievances are unrelated to the allegations in Count 4. Count 4 is **DISMISSED** for failure to exhaust as to Cozzens only.

### 3.    Failure to Exhaust: Counts 13 and 14: Discrimination (against Cozzens)

Count 13 is a retaliation and a discrimination claim, but Defendants only raise

4

exhaustion as an affirmative defense on behalf of Cozzens for the discrimination claims. This Court previously held Count 14 is a discrimination claim only against Cozzens. *Uduko v. Cozzens*, 975 F.Supp.2d at 760.  Defendants say Counts 13 and 14 allege discrimination by Cozzens because of discriminatory statements Uduko says he made, but none of the grievances identified by Uduko mention comments by Cozzens based on religion, race or national origin.

Although none of the proffered grievances mention discriminatory statements, Counts 13 and 14 contain many additional allegations.  For example, Count 14 says Cozzens "coupled the threats and racial comments with an actual restriction of plaintiff's protected rights. . ."  Dkt. 1, ¶ 175.  Grievance 530858 does seek rescission of six orders issued by Cozzens restricting Uduko's religious action.  *Mot. For Summary Judgment*, May 14, 2015, ECF No. 197, Exhibit 26. Uduko properly exhausted Counts 13 and 14. The Counts are not dismissed against Cozzens for failure to exhaust.

### B.   *Bivens* Retaliation Claims

Defendants say they are entitled to summary judgment on all retaliation claims because: (1) they are shielded by the doctrine of qualified immunity; (2) Uduko fails to meet the requirements of the claim; and (3) there is no genuine issue of material fact.

To establish a First Amendment retaliation claim, a prisoner must prove: "(1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of "ordinary firmness from continuing to engage in that conduct," and (3) "the adverse action was motivated at least in part by the [prisoner's] protected conduct." *Hill v. Lappin,* 630 F.3d 468, 472 (6th Cir. 2010)*, citing, Thaddeus–X v.*

5

*Blatter,* 175 F.3d 378, 394, 398 (6th Cir.1999) (en banc).

In resolving a qualified immunity claim, the Court examines: (1) whether the facts alleged demonstrate a constitutional violation; and (2) whether the right at issue was "so clearly established at the time of the conduct 'that every reasonable official would have understood that what he was doing violated that right.'" *T.S. v. Doe,* 742 F.3d 632, 635 (6th Cir. 2014) citing *Ashcroft v. al–Kidd*, 131 S.Ct. 2074, 2083 (2011). In its discretion, the Court can decide which prong to evaluate first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The burden is on plaintiff to prove defendants are not entitled to immunity. *Moldowan v. City of Warren*, 578 F.3d 351, 375 (2009).

### 1.    Count 2: *Bivens* Retaliation (against Cozzens, Curtis, Doty, Guidry, Guttierrez, Magulick, Smith, Toney and Zych)

Uduko says Cozzens, acting on behalf of Curtis, Guidry, Toney, Smith, Magulick, Guttierrez, Doty and Zych, restricted his participation in religious activities in retaliation for lodging a complaint against Cozzens and grievances against Defendants.

### a.    Count 2: Cozzens

There is an issue of material fact as to whether a constitutional violation occurred. Uduko satisfies his burden with respect to the first prong of his retaliation claim: an inmate has an undisputed First Amendment right to file non-frivolous grievances against prison officials. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).

Secondly, Uduko sufficiently satisfies his burden with respect to the second prong: adverse action. On October 6, 2008, Cozzens called Uduko into his office and said that an agreement had been reached between himself, Curtis, Guidry, Toney,

6

Smith, Guitterrez, Doty and Zych. *Id.* at ¶ 22. Cozzens was Chaplain at the Federal

Correctional Institution at Milan, Michigan ("FCI Milan"). Uduko alleges that Cozzens

said: (1) Uduko would no longer serve as the inmate representative; (2) he will not teach

or preach to the Protestant community; (3) he will not instruct Bible study group or lead

any Bible study discussions; (4) he will not facilitate any services or Bible study group;

(5) he will not answer questions about the Bible or offer any other Biblical interpretation;

and (6) he will not "lord over" the Protestant community. *Id.* Cozzens said Uduko would

be allowed to attend and participate in services. *Id.*

Uduko also provides evidence that the adverse action was motivated by

protected conduct. On September 8, 2008, Cozzens asked Uduko if he had been

written an incident report. ¶ 13. When Uduko replied in the negative and denied any

wrong doing, Cozzens said, "[w]e will see, you should be getting one soon." *Id.* On

October 4, 2008, Cozzens allegedly asked Uduko if an incident report had been written

against him, and when Uduko said no, Cozzens said "I will get you, you can leave."

Dkt. 1, ¶ 18. On October 5, 2008, Uduko thanked the Protestant community for its

support while he was in administrative detention. Dkt. 1, ¶¶ 19. Uduko told the group

that the allegations against him were false. *Id.* at ¶ 20. Cozzens said afterwards, "[y]ou

are not yet off the hook." *Id.* at ¶ 21. Uduko references the timing between his

protected conduct on October 4-6, 2008 and the adverse action on October 6, 2008.

Once a plaintiff meets his burden to establish his protected conduct was a

motivating factor behind the harm, the burden shifts to the defendant. *Thaddeus–X v.*

*Blatter,* 175 F.3d at 399. "If the defendant can show that he would have taken the same

action in the absence of the protected activity, he is entitled to prevail on summary

judgment." *Id.*

Defendants argue Cozzens had a penological interest in restricting Uduko's religious participation because other inmates were complaining.  *Mot. for Summary Judgment*, May 14, 2014, ECF No. 194, exhibit 5.  In support, Defendants attach two exhibits, a grievance by another inmate and a declaration by Cozzens.

The grievance was filed on November 17, 2008, after Cozzens' actions; it cannot negate causation.  In Cozzens' declaration, he says his order for Uduko was necessary to assure the ability of all inmates to worship peacefully and to prevent escalating tensions among inmates created by supporters and opponents of Plaintiff's attempts to continue to act as the Protestant leader.  Cozzens says his order was in accordance with Program Statement 5360.09, *Religious Beliefs and Practices*.

While Cozzens says he restricted Uduko to prevent escalating tensions, it is not clear that it was necessary for the prison to operate safely and efficiently. There is an issue of fact as to whether Cozzens would have taken the same actions absent Uduko's complaints and filed grievances.

Count 2 will proceed against Cozzens; this part of the Motion is **DENIED**.

### b.    Count 2: Remaining Defendants

 Defendants say Uduko fails to show affirmative action by Curtis,  the Supervisory Chaplain, and the other seven Defendants.

In a *Bivens* claim, the plaintiff must plead that each official defendant, through his own conduct, violated the Constitution. *Wiley v. Kentucky Dep't of Corr.,* No. 11-97-HRW, 2012 WL 5878678, at *7 (E.D. Ky. Nov. 21, 2012), citing *Ashcroft v. Iqbal*, 556

8

U.S. 662, 676 (2009).

Although Count 2 is alleged against nine Defendants, and alleges that the restrictions were done by Cozzens "on behalf of" defendants, this is insufficient. Uduko alleges on September 5, 2008, Curtis told Uduko he agreed to support Cozzens but that he didn't know it would go this far. ¶11. Even assuming Curtis did agree to support Cozzens in some way, this allegation is insufficient to show active unconstitutional behavior.

The remaining Defendants in Count 2 are dismissed as well. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (categorical reference to "defendants" is insufficient to allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right).

Defendants' Motion for Summary Judgment on Count 2 is **GRANTED** for Curtis, Magulick, Guildry, Smith, Guttierez, Doty, Toney and Zych.

## 2. Count 4: *Bivens* Retaliation (against Ellis)

Uduko alleges Ellis wrote a false incident report on December 15, 2009 and confiscated Uduko's "doorag"[1] [sic] on December 16, 2009. Ellis denies authorizing a false incident report on December 15, 2009 and says he does not recall confiscating Uduko's do-rag. Dkt. 194, Exhibit 11. Even assuming these actions occurred, some adverse actions are so *de minimis* that they do not give rise to a constitutional violation. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). An action is considered "adverse"

---

[1] Among African-Americans: a scarf or cloth worn on the head to protect a processed hairstyle; (more generally) any close-fitting cloth worn on the head. Do-rag Definition, OXFORD ENGLISH DICTIONARY ONLINE, http://www.oed.com/view/Entry/249907 **(Last visited March 28, 2015).**

only if it would "deter a person of ordinary firmness from the exercise of the right at stake." *Id.* (citations omitted).  These allegations, even if true, do not equal an adverse action.

Defendants' Motion for Summary Judgment on Count 4 on behalf of Ellis is **GRANTED**.

### 3.    Count 5: *Bivens* Retaliation (against all Defendants)

Uduko says he filed grievances against nineteen defendants in February 2008, March, July, and December of 2009 and in January of 2010.  Uduko says that because of these grievances, "defendants" recruited co-conspirators to supply false allegations which they used to prepare a report and investigation resulting in Uduko's placement in the Special Housing Unit ("SHU") from April 3, 2009 until June 3, 2009 and March 11, 2010 until March 24, 2010.

The conclusory allegation that "defendants" agreed to retaliate against Uduko by removing him from his housing, is insufficient to demonstrate an adverse action by each Defendant.  *Marcilis v. Twp. of Redford*, 693 F.3d at 596-97.

Defendants' Motion for Summary Judgment on Count 5 is **GRANTED**.

### 4.    Count 7: *Bivens* Retaliation (against Aviles, Brown and Cheatham)

Uduko alleges Aviles, Brown and Cheatham retaliated against him on December 16, 2009 and February 23, 2009 at two Unit Disciplinary Committee ("UDC") hearings when he was denied the right to (1) call live witnesses; (2) present documentary evidence; (3) present exculpatory evidence; (4) twenty-four hours advance notice before a hearing; (5) documents supplied to the UDC by Cozzens; and (6) a fair and impartial

10

hearing.  Dkt. 1 at ¶ 122.

After the February 23, 2009 hearing, Uduko was sanctioned with 30 days loss of commissary and moved to the inside yard unit.  Dkt. 1 at ¶ 123. Uduko says the February 23rd housing removal is a sanction that was not given at the hearing, but was done in retaliation after Uduko told Aviles, Brown and Cheatham he would appeal the February 23, 2009 decision.  *Id.*  After the December 16, 2009 hearing, Uduko was removed to the inside yard unit for 365 days.  *Id.* at ¶ 124.

Aviles does not recall participating in the December 16, 2009 hearing.  Dkt. 194, Exhibit 2. The allegations specific to that hearing appear to apply to Brown and Cheatham only.  Cheatham acknowledges records indicate he participated in both hearings.  Dkt. 194, Exhibit 4.  Brown admits participating in the December 16, 2009 hearing but does not mention the February hearing.  Dkt. 194, Exhibit 3.

Defendants say federal regulations do not grant inmates the right to have a staff representative or to call witnesses at a UDC hearing.  28 C.F.R. §541.7. Defendants admit that an inmate has the right to appear, make a statement and present documentary evidence.

Defendants fail to address whether Uduko had the opportunity to present documentary evidence.

Defendants say they are entitled to qualified immunity because changes in confinement do not violate a constitutional right. However, a government act that alone does not violate the U.S. Constitution, may nonetheless be a constitutional tort if it is motivated in substantial part by a desire to punish an individual for exercising a constitutional right.  *Thaddeus-X v. Blatter*, 175 F.3d at 386.

11

Uduko says, after the February 23, 2009 hearing, Aviles told him, ". .. I am telling you not to fight [the sanction], because you have more to lose, however, if you are going to fight it, then I will have to move you out of this unit to the inside yard unit." Dkt. 1 at ¶ 54. "It's your choice, if you are going to appeal, I will move you, if not, you will stay, you can now leave." *Id.* Uduko objected to the move, saying that he was only sentenced to 30 days loss of commissary. Brown told him, "[t]he bottom line is that we are moving you to the inside unit." *Id.*

On February 26, 2009, Uduko says he was moved out of his housing to the "inside compound" which he says is violent and filthy. Dkt. 1 at ¶ 55.

The allegations against Cheatham are far less. Uduko says on the day of the February 23, 2009 hearing, Uduko saw Cheatham read documents given to him by Aviles. Dkt. 1 at ¶ 53. Cheatham shook Cozzens hand, and Cozzens left. *Id.* The hearing began shortly afterwards. *Id.*

Uduko establishes a genuine issue of fact as to whether Aviles and Brown moved Uduko to the inside yard in retaliation for the appeal, but he does not sustain his burden against Cheatham. Defendants' Motion for Summary Judgment on Count 7 against Aviles and Brown is **DENIED** and **GRANTED** as to Cheatham.

### 5.    Count 8: *Bivens* Retaliation (against Aviles, Brown, Cozzens, Doty, Ellis and Toney)

Uduko says six Defendants denied a visit by Venoncia Hill and falsified the visitor record in retaliation for grievances Uduko filed.

This Court may grant summary judgment if the nonmovant's evidence is

insufficiently probative to create a genuine issue of fact. *Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015). Even assuming the one time denial of a visitor is enough to be an adverse action, Uduko fails to show it was motivated by his protected conduct. Defendants' Motion for Summary Judgment on Count 8 is **GRANTED**.

### 6.    Count 12: *Bivens* Retaliation (against all Defendants except Duby and Dolber)

As he does in Count 2, Uduko alleges Cozzens acted on behalf of other Defendants and retaliated against him for filing grievances on November 21, 2009. Uduko says Cozzens gave him three additional restrictions: prohibiting him from (1) prophesying; (2) laying hands on; and (3) praying for anyone, while in services, Bible study group, and/or prayer meeting group.

There is an issue of material fact as to whether a constitutional violation occurred and whether Cozzens would have taken the same action absent Uduko's protected behavior.  The Motion is **DENIED** with respect to Cozzens.

However, the allegation that Cozzens acted on "behalf of" thirteen "defendants" is insufficient to demonstrate an adverse action by these Defendants. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012).  Defendants' Motion for Summary Judgment on Count 12 is **GRANTED** as to them.

### 7.    Count 13: *Bivens* Retaliation (against all Defendants)

Some of the conduct alleged in Count 13 is too general to state an adverse action or show personal involvement of Defendants.  Other allegations are identical to those previously alleged in other counts.  The only claim with merit is against Ellis. On February 21, 2009, Ellis banned Uduko from attendance and participation in all religious

services and programs in the Chapel.  Dkt. 1 at ¶ 164.  There is a genuine issue of fact

as to whether this was done in retaliation: Uduko says Ellis told him that if [Uduko] came

back to his office (he doesn't say about what), Ellis would personally restrict him.  Dkt. 1

at ¶ 50.

The Court reviewed the remaining allegations in Count 13 and determined they

fail to meet the threshold requirements of a retaliation claim. Summary Judgment on

Count 13 is **DENIED** as to Ellis but **GRANTED** for the remaining Defendants.

### C.   Counts 3, 10 and 11: *Bivens* First Amendment/Religious Land Use and Institutionalized Persons Act/Religious Freedom Restoration Act

Count 3 is asserted against Cozzens, Curtis, Doty, Ellis, Guildry, Guttierrez,

Magulick, Smith, Toney and Zych.  Count 10 is asserted against Cozzens and Curtis.

Count 11 is asserted against all Defendants except Dolber.

This Court previously construed the Complaint to allege three Free Exercise

claims under the First Amendment, the Religious Freedom Restoration Act of 1993

("RFRA") and the Religious Land Use and Institutionalized Persons Act of 2000

("RLUIPA").  *Uduko v. Cozzens*, 975 F.Supp.2d at 757.

#### 1.   First Amendment

A *Bivens* action is a judicially created cause of action for damages against an

individual for violation of a plaintiff's constitutional rights.  *Bivens v. Six Unknown Names

Agents of the Federal Bureau of Narcotics*, 403, U.S. 388, 403 (1971).  A plaintiff can

recover under *Bivens* for Fourth or Fifth Amendment violations, *Meeks v. Larsen*, 999

F.Supp. 2d 968, 977 (E.D.Mich.2014), and for First Amendment retaliation claims.

*Hartman v. Moore*, 547 U.S. 250, 256 (2006).  However, the Supreme Court has been

14

reluctant to extend *Bivens* liability "to any new context or new category of defendants."
*Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 1948 (2009). Other courts have
held *Bivens* does not apply to a First Amendment right of free exercise. *Meeks v.*
*Larsen*, 999 F.Supp. 2d at 981. Defendants say Free Exercise claims are not
recognized against federal employees under *Bivens*. The Court agrees.

The First Amendment claims in Counts 3, 10 and 11 are **DISMISSED**.

### 2.    RLUIPA

Defendants say RLUIPA claims are not recognized against individual defendants
who are federal employees. 42 U.S.C. § 2000cc–1(a); *Ish Yerushalayim v. United*
*States*, 374 F.3d 89, 92 (2d Cir. 2004) (holding RLUIPA does not create a cause of
action against the federal government or its correctional facilities)*; Deville v. Crowell*,
No. 08–3076–SAC, 2011 WL 4526772, at *6 n. 6 (D.Kan. Sept.28, 2011) (same).

Uduko's RLUIPA claims in Count 3, 10 and 11 are **DISMISSED**.

### 3.    RFRA

According to BOP's Inmate Locator, Uduko has been released. See, *Marshek v.*
*Eichenlaub*, 266 F. App'x at 392 (taking judicial notice of BOP's Inmate Locator through
its official website (www.bop.gov) that plaintiff was transferred during the pendency of
the appeal, and affirming *sua sponte* dismissal).

Under *Crocker v. Durkin*, 53 F. App'x 503, 505 (10th Cir. 2002), RFRA injunctive
claims can be dismissed as moot where incarcerated plaintiffs have since been
relocated.

Counts 3, 10 and 11 are **DISMISSED**.

**D.      Counts 13 and 14 Discrimination (against Cozzens)**

In a supplemental correction regarding grievances, Uduko clarified that Claim 13 is a "general conspiracy claim" and "retaliation" and "a discrimination claim on an individual capacity...against defendant Cozzens." Dkt. 169, PgID 2354. The conspiracy claim was previously dismissed. *Uduko v. Cozzens*, 975 F.Supp.2d at 762. To the extent the Complaint itself could be construed as alleging claims against any of the other Defendants, Uduko clarified that in his supplemental correction. Accordingly, the Court construes these Counts against Cozzens only.

Defendants say Count 13 alleges discriminatory remarks by Cozzens but that the remainder of the Count alleges retaliatory actions.

Uduko alleges discrimination on the basis of race, religion, and national origin. There is a material issue of fact regarding whether Cozzens was motivated by a discriminatory purpose. Under equal protection analysis, "discriminatory purpose" implies the decisionmaker selected or reaffirmed a particular course of action at least in part "because of," not merely "in spite of" its adverse effects upon an identifiable group. *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979).

Defendants contend Uduko fails to state a claim because the use of a racial epithet alone is insufficient. The Court disagrees. Cozzens coupled his threats and racial comments with a restriction on Uduko's exercise of religion. Uduko references multiple instances of conduct which he says supports an inference of discrimination. Dkt. 1 at ¶ 178.

Cozzens submitted a declaration denying discrimination and denying bias against Protestants, Nigerians or African-Americans. Dkt. 195, Exhibit 5. At summary

16

judgment, the Court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Viewing the facts in the light most favorable to Uduko, a jury could find that Cozzens' actions were motivated by a discriminatory purpose. Defendants' Motion for Summary Judgment on Counts 13 and 14 (Cozzens only) is **DENIED**.

## IV.   Conclusion

The Motion is **GRANTED** in part and **DENIED** in part.

These claims are dismissed:

Failure to Exhaust:

1.)      Count 1: (*Bivens* retaliation and conspiracy) is dismissed against Cozzens, Curtis and Magulick; Count 6: (*Bivens* retaliation) is dismissed against Aviles and  Brown; and Count 9: (*Bivens* retaliation) is dismissed against Brown, Cozzens, Ellis and Toney.

2.)      Count 4: (*Bivens* retaliation) is dismissed against Cozzens only.

Dismissed on other grounds:

1.)      Count 2: (*Bivens* retaliation) dismissed against Curtis, Doty, Guildry, Guttierrez, Magulick, Smith, Toney and Zych.

2.)      Count 4: (*Bivens* retaliation) is dismissed against Ellis.

3.)      Count 5: (*Bivens* retaliation) is dismissed against all Defendants.

4.)      Count 7: (*Bivens* retaliation) is dismissed against Cheatham.

5.)      Count 8: (*Bivens* retaliation) is dismissed against Aviles, Brown, Cozzens, Doty, Ellis and Toney.

6.)      Count 12: (*Bivens* retaliation) is dismissed against Aviles, Brown, Cheatham, Curtis, Doty, Downing, Ellis, Guildry, Guttierrez, Magulick, Toney, Smith and Zych.

17

7.)     Count 13: (Bivens retaliation) is dismissed against all Defendants (except Ellis).

8.      Counts 3, 10 and 11 are dismissed against all Defendants.

<u>These Defendants are dismissed</u>:

John Cheatham, Mukhtar Curtis, David Dolber, Michele Doty, David Downing, Tim Duby, Iris Guidry, Philip Guttierrez, Scott Magulick, Rick Smith, Kevin Toney, and C. Zych.

<u>These claims will proceed to trial</u>:

1.) *Bivens* Retaliation in Counts 2 and 12 against Cozzens.
2.) *Bivens* Retaliation in Count 7 against Aviles and Brown.
3.) *Bivens* Retaliation in Count 13 against Ellis
3.) Discrimination claims in Counts 13 and 14 against Cozzens.

**IT IS ORDERED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge


Dated:  March 30, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record and Okechukwu Uduko by electronic means or U.S. Mail on March 30, 2016.

 Carol A. Pinegar
Deputy Clerk

18